UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARIO ALDA, an individual; SHEILA ALDA, an individual<br><br>Plaintiffs,<br><br>v.<br><br>SBMC MORTGAGE, a California General Partnership; T.S. SERVICE CO., a California Corporation; GMAC MORTGAGE, LLC, a Delaware Limited Liability Company; EX PRO FUNDING MORTGAGE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: 11-CV-00678-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT |

Before the Court are several motions to dismiss Plaintiffs Dario Alda and Sheila Alda's ("Plaintiffs'") First Amended Complaint ("FAC"). *See* ECF Nos. 28 & 30. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motions suitable for decision without oral argument. The hearing set for January 5, 2011, as well as the case management conference set for the same day, are VACATED. For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss and REMANDS the case to the Santa Clara County Superior Court.

**I.    BACKGROUND**

This lawsuit arises out of a mortgage loan on the property located at 3318 Cerrito Court, San Jose, California (the "property"). Plaintiffs allege that they purchased the subject property on

1
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

1    October 16, 2006, and the transaction was later recorded on October 25, 2006. FAC ¶ 17. The

2    contract sales price was $793,000.00 with 90% financing. *Id.* Plaintiffs obtained a first mortgage

3    of $591,200.00 and a second mortgage of $73,900.00 with SBMC. FAC ¶¶ 17 & 34. Generally

4    speaking, Plaintiffs allege that Defendants engaged in improper lending practices at the time of the

5    origination of the loan.

6    On December 28, 2010, Plaintiffs filed a complaint in Santa Clara County Superior Court

7    asserting twenty-six causes of action against SBMC Mortgage ("SBMC"), T.D. Service Co. ("T.D.

8    Service"), GMAC Mortgage LLC ("GMAC"), Ex Pro Funding Mortgage ("Ex Pro"), and

9    Mortgage Electronic Registration Systems, Inc. (individually "MERS"; collectively,

10   "Defendants"), all arising out of the loan on the subject property. *See* ECF No. 1 ("Compl."). 

11   Although the majority of the claims were state law claims, several claims in the initial complaint

12   were based on violations of federal statutes including violations of the Truth in Lending Act

13   ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); and the Fair and Accurate Credit

14   Transaction Act of 2003 ("FACTA"). This case was removed from state court to federal court on

15   February 14, 2011. ECF No. 1.

16   On March 14, 2011, after the case had been reassigned from a magistrate judge to a district

17   judge, GMAC and MERS filed a motion to dismiss the complaint. ECF No. 15. On March 22,

18   2011, SBMC filed a motion to dismiss the original complaint as well. ECF No. 19. Defendants

19   generally asserted that Plaintiffs' claims were time barred and that Plaintiffs failed to state a claim

20   as to each cause of action. *See generally* ECF Nos. 15 and 19. Plaintiffs did not oppose

21   Defendants' motions to dismiss. On May 2, 2011, finding that the motions to dismiss were "well-

22   taken" and unopposed, Judge Fogel, the district judge previously assigned to this case, granted

23   Defendants' motion to dismiss with leave to amend as to all twenty-six causes of action.

24   On May 13, 2011, Plaintiffs filed the FAC, alleging twenty-seven causes of action. The

25   FAC is substantially the same as the original complaint. Indeed, the federal causes of action are

26   identical to the original complaint, except that the Plaintiffs have changed the date of the execution

27   of the loan transaction from October 25, 2006 to October 16, 2006. Other than that, Plaintiffs

28   appear only to have (1) included a jury demand (FAC ¶ 21); (2) added a twenty-seventh cause of

2
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

action for intentional infliction of emotional distress (FAC ¶¶ 277-282); and (3) added several sentences to their state law claims for breach of fiduciary duty (FAC ¶¶ 204, 207, 209-210) and breach of covenant of good faith and fair dealing (FAC ¶¶ 131-133).

Defendants SBMC Mortgage, GMAC Mortgage, and MERS again filed motions to dismiss the FAC. ECF Nos. 28 & 30. In response, Plaintiffs filed oppositions to Defendants' motions to dismiss. ECF Nos. 38, 39, 47, 51. On September 27, 2011, the case was reassigned to the undersigned judge. For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss[1] as to Plaintiffs' federal claims.

## II. LEGAL STANDARD AND DISCUSSION

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially

---

[1] Defendants also argue that all Plaintiffs' claims should be barred by the doctrine of judicial estoppel because Plaintiffs failed to disclose these claims during their Chapter 13 bankruptcy proceedings. The doctrine of judicial estoppel applies if the following requirements are met: 1) a party's position in a later proceeding is "clearly inconsistent" with its earlier position; 2) a party achieved success in the prior proceeding in persuading the court to accept or rely on the party's earlier position such that allowing the party to take a different position creates a risk of inconsistent court determinations; and 3) the party asserting the inconsistent position would achieve an unfair advantage if not estopped. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782–783 (9th Cir. 2001). In addition to these factors, the Ninth Circuit examines "whether the party to be estopped acted inadvertently or with any degree of intent." *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152 (C.D. Cal. 2008). It is not clear, based on the allegations in the complaint and the judicially noticeable documents filed by Defendants, whether Plaintiffs' failure to disclose to the Bankruptcy Court was the result of inadvertence or was done with intent. Accordingly, the Court declines to exercise its discretion and find that all Plaintiffs' claims are judicially estopped.

3

Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### A. TILA Claims

Plaintiffs allege that Defendants violated TILA by failing to provide required disclosures and notices at the time of loan origination. FAC ¶¶ 135-146; 163-68; 176-78. TILA requires, among other things, disclosure of finance charges and the annual percentage rate. *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18 ("Regulation Z"). Lenders must provide borrowers with clear and accurate disclosures, including two copies of a notice of a right to rescission. 15 U.S.C. § 1635. Violation of TILA provides borrowers with two potential forms of relief: rescission and monetary damages. *See* 15 U.S.C. §§ 1635, 1640. If a lender fails to disclose material information required by TILA, a borrower has a right to rescind within three years of consummation of the loan. *See King v. California,* 784 F.2d 910, 913 (9th Cir. 1986). In addition, a borrower has a right to monetary damages within one year of consummation of the loan. *Id.* at 915. However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *See id.* at 915.

Plaintiffs allege that Defendants violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA and that "[m]ost, if not all pertinent documents were left out [of the loan document package] especially important disclosures such as but not limited to the Good Faith Estimate, Truth-in-Lending, Servicing Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, and the Federal Equal Opportunity disclosure." FAC ¶ 137. Plaintiffs further allege that SBMC and Ex Pro failed to explain that the initial payment structure was only temporary and that the payments would soon go up dramatically. FAC ¶ 138. Even if these factual

4

Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

allegations were sufficient to state a claim under TILA, any such claim would be time-barred by the applicable statute of limitations.

Plaintiffs claim that they are entitled to both rescission of the loan as well as damages based on these TILA violations. Claims for rescission under TILA expire "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). The three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3–year period."). Plaintiffs allege that the loan was entered into on October 16, 2006, and Plaintiffs did not file this case until December 2010, over three years later. It is apparent from the face of the FAC that Plaintiffs' claims for rescission under TILA are time-barred. Accordingly, Plaintiffs' TILA claim for rescission is DISMISSED WITH PREJUDICE.

Damages claims under TILA have a one-year statute of limitations that runs from the date the loan documents are signed. 15 U.S.C. § 1640(e). Therefore, absent tolling, Plaintiffs' TILA damages claims expired in October 2007. Equitable tolling of TILA damages claims can extend the one-year limitations period, but such tolling is only available if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on different grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000). Plaintiffs have alleged that the statute of limitations should be tolled because they are non-native speakers and Defendants did not give an accurate account of the terms of the loan. FAC ¶ 138. Even assuming these allegations are true, Plaintiffs have not alleged what actions they took to obtain information to uncover the existence of their claim,[2] which should have been apparent at the time the loan documents were signed.

---

[2] The Court is not persuaded that *Gonzalez v. Ameriquest Mortgage Co.*, No. C 03-00405-JSW, 2004 WL 2472249 (N.D. Cal. March 1, 2004), cited by Plaintiffs, compels a contrary result here. *Gonzalez* is factually distinguishable. In that case Gonzalez brought her TILA damages claim one year and six days after she had signed the loan documents. The district court determined that Plaintiff had alleged facts establishing that equitable tolling could apply because (1) Plaintiff spoke no English; (2) Defendants knew that Plaintiff spoke no English (and indeed appeared to rely on and take advantage of that language barrier); and (3) Defendants made no attempt to explain the loan documents. Moreover Plaintiff took measures to discover her TILA claim by (1) requesting loan documents (to which Defendants responded by demanding that she pay for the loan documents), and (2) asking Defendants if she needed to speak with a lawyer (to which Defendants

5
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

1  Moreover, even if Plaintiffs could not have discovered the TILA claim at the time of the loan
2  signing, they surely should have once their monthly payments increased.  By the time Plaintiffs
3  filed for Chapter 13 bankruptcy in October 2009, their monthly mortgage payments had increased
4  from approximately $1900, FAC ¶ 17, to over $2,900.  *See* SBMC Mortgage's Request for Judicial
5  Notice Ex. 3, ECF No. 20.[3]  Thus, Plaintiffs necessarily had information bearing on the existence
6  of their claim well before December 2009 – one year before they filed their state court complaint.
7  Accordingly, the Court finds that Plaintiffs have not alleged facts sufficient to support their TILA
8  damages claim.

9  Moreover, Plaintiffs have already had an opportunity to adequately plead equitable tolling.
10 Defendants GMAC Mortgage and MERS raised a statute of limitations defense in their initial
11 motion to dismiss.  ECF No. 15 at 10-11.  Judge Fogel found Defendants' arguments "well-taken"
12 and dismissed Plaintiffs' complaint with leave to amend to cure the deficiencies identified by
13 Defendants.  ECF No. 24.  Plaintiffs essentially failed to substantively amend their complaint.
14 Instead, the FAC states the same factual basis for the TILA claim and alleges no additional facts
15 establishing due diligence or otherwise establishing that equitable tolling should apply.  As the
16 Supreme Court has held, repeated failure to cure deficiencies in a complaint is reason enough to
17 deny leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Abagninin v.*
18 *AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (same).  Accordingly, Plaintiffs' TILA
19 claim for damages is DISMISSED WITH PREJUDICE.

20 **B.  RESPA Claim**

21 Plaintiffs also claim that Defendants violated RESPA because the payments to the mortgage
22 broker and to the lender were misleading and designed to create a windfall and Plaintiffs never

---

responded that she did not).  Plaintiffs have not alleged facts comparable to the facts alleged in *Gonzalez*.

[3] Defendant SBMC Mortgage has filed a request for judicial notice of, among other things, documents filed in the Aldas' Chapter 13 bankruptcy proceedings.  *See* ECF No. 29.  In ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  The documents filed by the Aldas in their Chapter 13 bankruptcy proceedings are matters of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Accordingly, the Court GRANTS Defendants' requests for judicial notice.

6
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

received a HUD-1 Settlement Statement pursuant to 24 C.F.R. § 3500.10 prior to the close of escrow. FAC ¶¶ 171 & 238. RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f). *Patague v. Wells Fargo Bank, N.A.*, No. 10-CV-03460-SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov.8, 2010). Claims brought under § 2607 or 2608 are subject to a one-year statute of limitation, while claims under § 2605 are governed by a three-year statute of limitations, which commence to run when the violation occurs. 12 U.S.C. § 2614.

The Court construes Plaintiffs' RESPA claim as alleging an illegal kickback or unearned fee for a real estate settlement service pursuant to 12 U.S.C. § 2607(a), (b). As such, a one-year statute of limitations applies. Plaintiffs' RESPA claim, like their TILA claim for damages, is barred by the one-year statute of limitations. As with their TILA claim, Plaintiffs do not allege diligence on their part that might potentially extend the statute of limitations through equitable tolling. *Avila v. Countrywide Home Loans, Inc.*, 10-CV-05485-LHK, 2011 WL 1192999, at *3 (N.D. Cal. Mar. 29, 2011). Moreover, as with the TILA claims, Defendants GMAC Mortgage and MERS raised a statute of limitations defense to Plaintiffs' RESPA claims in their initial motion to dismiss. ECF No. 15 at 17-18. Judge Fogel found Defendants' arguments "well-taken" and dismissed Plaintiffs' complaint with leave to amend to cure the deficiencies identified by Defendants. ECF No. 24. Thus, Plaintiffs were on notice of the deficiencies in their original complaint. Failure to cure those deficiencies in the FAC demonstrates that granting Plaintiffs leave to amend would be futile.

Finally, the obligation to provide a borrower with a HUD–1 statement arises from 12 U.S.C. § 2603, which does not create a private right of action. *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549, 557 (9th Cir. 2010); *see also iBloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (9th Cir. 1996). Accordingly, because leave to amend these claims would be futile, Plaintiffs' RESPA claims are DISMISSED WITH PREJUDICE.

7
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

### C. FACTA Claim

Plaintiff also alleges that Defendants never revealed to Plaintiffs any credit score used in the decision to approve Plaintiffs' loan, in violation of § 212(b) of FACTA. FAC ¶ 175. Claims for FACTA violations must be brought within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p. Other district courts have found that FACTA claims presumptively accrue on the date of the loan transaction, because it should be clear on this date whether or not a credit score disclosure is made. *Hawkins v. First Horizon Home Loans*, No. S–10–1876 FCD/GGH, 2010 WL 4823808 at *7 (E.D. Cal. Nov. 22, 2010). Because Plaintiffs' loan closed in October 2006, Plaintiffs' FACTA claim was time-barred as of October 2008, more than two years before the state court complaint was filed. The non-disclosure alleged in Plaintiffs' FACTA claim is similar to the non-disclosure asserted in Plaintiffs' TILA claims. As explained above, Plaintiffs have failed to establish that they are entitled to equitable tolling. Defendant SBMC raised a statute of limitations defense to Plaintiffs' FACTA claim in its initial motion to dismiss. ECF No. 19 at 12-13. Judge Fogel found Defendants' arguments "well-taken" and dismissed Plaintiffs' complaint with leave to amend to cure the deficiencies identified by Defendants. ECF No. 24. Thus, Plaintiffs were on notice of the factual deficiencies in their original complaint. Failure to cure those deficiencies in the FAC demonstrates that granting Plaintiffs leave to amend would be futile.

Moreover, as a separate and independent ground for dismissal, Plaintiffs cannot establish a FACTA claim against Defendants because FACTA applies only to credit reporting agencies, and not mortgage lenders. *See Kakogui v. American Brokers Conduit,* No. C 09–4841 JF (HRL), 2010 WL 1265201, *5 (N.D. Cal. Mar. 30, 2010) ("Plaintiff misapprehends the nature of [FACTA] in reading the statute to require that lenders and brokers [must] make credit scoring information available to borrowers.") (internal quotations omitted). Accordingly, this claim is DISMISSED WITH PREJUDICE.

### D. Remaining State Law Claims

The Court has dismissed all of Plaintiffs' federal claims with prejudice. *See* Notice of Removal at 2. Thus, the only source of original federal jurisdiction has been dismissed from the

8
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

Complaint.[4] In this situation, it is within the Court's discretion to exercise supplemental jurisdiction over the remaining claims, or not. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S.Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .")." "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 557 (10th Cir. 2000). Here, the Court finds that because the federal claims have been eliminated at the pleadings phase, and all the remaining claims are state law claims, it is in the interests of judicial economy, convenience, fairness, and comity to remand the remaining claims. Therefore, this matter is hereby REMANDED to the Superior Court for Santa Clara County.

### III. CONCLUSION

As explained above, the Court GRANTS Defendants' motions to dismiss Plaintiffs' causes of action under TILA, RESPA, and FACTA. The remaining claims in this litigation are state law

---

[4] Although it was not an enumerated reason for removal, Plaintiffs also refer to the Racketeer Influenced and Corrupt Organizations Act ("RICO") in their complaint when alleging state law UCL claims. *Compare* Notice of Removal at 2 *with* FAC ¶¶ 198-199. Although the allegations are vague, it appears as though Plaintiffs are alleging that Defendants engaged in a conspiracy to defraud Plaintiffs. To state a claim for a RICO violation, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005). Plaintiffs' claim has failed to meet the relevant pleading standards. For one, Plaintiffs have failed to allege facts that establish there is an enterprise separate and apart from the alleged racketeering activities. *See Chang v. Chen,* 80 F.3d 1293, 1298 (9th Cir. 1996). Moreover, Plaintiffs fail to meet the heightened pleading requirements imposed under Rule 9(b) that apply to all fraud claims, including claims for RICO violations. *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (citation omitted). "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* Moreover, SBMC raised the argument that Plaintiffs failed to meet the pleading requirements in its first motion to dismiss. ECF No. 19 at 23-24. Plaintiffs utterly failed to plead additional facts establishing the requisite fraud in the FAC. Therefore, Plaintiffs' claim, to the extent that it can be construed as raising a RICO claim, is DISMISSED WITH PREJUDICE.

9
Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT

claims. Accordingly, the Court declines to exercise supplemental jurisdiction and REMANDS this matter to the Superior Court for Santa Clara County. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2012

LUCY H. KOH
United States District Judge

Case No.: 11-CV-00678-LHK
ORDER GRANTING MOTIONS TO DISMISS; REMANDING CASE TO STATE COURT